## Garris License

*William C. Gumble,* for appellant.

*I. Reines Skier, Special Assistant Attorney General,* for Pennsylvania Liquor Control Board.

DAVIS, P. J., August 4, 1965.—Arthur Garris, Jr. and Shirley Mae Garris, his wife, doing business as Garris Log Cabin Restaurant, of Lehman Township, Pike County, Pennsylvania, made application to the Pennsylvania Liquor Control Board for a restaurant liquor license. The application was denied by the Board on January 13, 1965. The applicants filed their appeal to the Court of Quarter Sessions of Pike County on February 2, 1965. On February 15, 1965, the court entered an order fixing April 19, 1965, for hearing on the appeal. On March 12, 1965, counsel for appellant mailed a copy of the court order to the board, which was received on March 15, 1965.

Admittedly, the appeal by petition of the aggrieved parties was filed in the office of the Clerk of the Court of Quarter Sessions within the required twenty days. The order of the court fixing a hearing date on the application was not entered until after the appeal period had expired. The question is, must a court enter its order fixing a time for hearing on the petition within the time limit for appeal?

The pertinent parts of the statute, Act of April 12, 1951, P. L. 90, art. IV, sec. 464, 47 PS §4-464, are as follows:

"Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license, . . . may appeal . . . within twenty days from date of refusal or grant, to the court of quarter sessions of the county in which the premises applied for is located . . . Such appeal shall be upon petition of the aggrieved party, who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the petition by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice."

We can see nothing in the statute that in any way proscribes, limits or fixes the time when the court shall fix the date for hearing on the petition. The only limitation on the discretion of the court that we can find in the act is that the hearing on the petition shall not be held until after the board has received ten days' notice of the hearing. The reason for this limitation upon the discretion of the court is apparent when we consider that the act provides that the board shall be represented by the Department of Justice. In our opinion, if the legislature had intended to limit the right of appeal, not only to the period of twenty days but also to the availability of a judge to sign an order within the said period it would have said so. To require this, especially in a judicial district where the law judge neither lives nor has his office in the county in which the action is pending, would be a hardship on the aggrieved appellant that ought not to be imposed upon him, except by clear mandate of the law.

Neither counsel nor the court have been able to find a case in this Commonwealth directly in point. Counsel for appellant and for the board have both cited cases in relation to the matter, however, since they are not apposite we see no advantage in discussing these authorities, particularly in the light of the clear language of the statute.

### ORDER

And now, August 4, 1965, motion to dismiss appeal is dismissed. Upon application of either party an appropriate date for hearing will be scheduled.